UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 20, 2019

LETTER TO COUNSEL

RE: *Jose T. v. Commissioner, Social Security Administration*;
Civil No. SAG-18-1704

Dear Counsel:

On June 11, 2018, Plaintiff Jose T. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 19, 20, 21. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the SSA, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Plaintiff filed his claims for benefits on July 1, 2014, alleging a disability onset date of June 9, 2014. Tr. 309-19. His claims were denied initially and on reconsideration. Tr. 234-41, 243-46. A hearing was held on May 2, 2017, before an Administrative Law Judge ("ALJ"). Tr. 165-91. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 11-20. The Appeals Council denied Plaintiff's request for review, Tr. 1-7, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "status-post aortic aneurysm repair, hypertension, and obesity." Tr. 13. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform a range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), which generally involves lifting/carrying no more than 10 pounds occasionally and less than 10 pounds frequently, standing/walking up to 2 hours, and sitting for 6 or more hours during an 8-hour workday. The claimant, however, requires the opportunity to alternate between sitting/standing while remaining on task at 30-minute intervals. She [sic] cannot ladder/rope/scaffold climb, but can perform other postural activities (like balancing and stooping) on an occasional basis, and she [sic] must avoid hazards, like unprotected heights and dangerous moving machinery.

Tr. 14. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform any of his past relevant work, but could perform other jobs existing in significant numbers in the national economy. Tr. 18-20. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 20.

Plaintiff raises three arguments on appeal: (1) that the ALJ erred at step three in analyzing whether Plaintiff's impairments meet or medically equal the Listings; (2) that the ALJ failed to follow the special technique applicable to mental impairments; and (3) that the ALJ did not assign adequate weight to the opinions of his treating physicians. Although not all of Plaintiff's arguments are meritorious, I agree that the ALJ's analysis was inadequate for the reasons discussed below. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

Plaintiff's first argument relates to the ALJ's evaluation of the Listings. ECF 19 at 9-18. The ALJ's analysis read as follows:

> Specific attention was paid to section 4.00 of the medical listings for cardiovascular impairments. Under section 4.00, the record does not establish chronic heart failure (resulting in persistent symptoms of heart failure which would very seriously limit the ability to independently initiate, sustain, or completed [sic] activities of daily living; 3 or more separate episodes of acute congestive heart failure within a consecutive 12-month period; or inability to perform on an exercise tolerance test at a workload equivalent to 5 METs or less), ischemic heart disease (with a sign- or-symptom limited exercise tolerance test, 3 separate ischemic episodes requiring revascularization within a 12 month period, or coronary artery disease resulting in very serious limitations in the ability to independently initiate, sustain or complete activities of daily living), recurrent arrhythmias, symptomatic congenital heart disease (with cyanosis at rest, intermittent right-to-left shunting resulting in cyanosis on exertion, or secondary pulmonary vascular obstructive disease), heart transplant, chronic venous insufficiency, or peripheral arterial disease.
>
> Under section 4.10, although the record shows that the claimant suffered an aortic aneurysm in June 2014, subsequent treatment notes indicate that the dissection was controlled by prescribed treatment. As detailed below, post-surgical treatment notes and imaging from the period at issue do not show persistence of chest pain due to progression of the dissection, an increase in the size of the aneurysm, or compression of one or more branches of the aorta supplying the heart, kidneys, brain, or other organs.
>
> Consequently, the criteria of a Listing in section 4.00 have not been satisfied.

Tr. 14. Plaintiff contends that in that discussion, the ALJ identified Listing 4.04 (Ischemic Heart Disease), but did not sufficiently analyze the medical evidence pertaining to that listing. ECF 19 at 9-18.

I disagree with the premise that Listing 4.04 was identified. This Court has repeatedly held that the mention of a general category of listings does not, by itself, trigger an ALJ's duty to evaluate each listing in the category. *See, e.g., Krouse v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-128, 2017 WL 532278, at *2 (D. Md. Feb. 9, 2017); *Torres v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-3294, 2016 WL 5108022, at *2 (D. Md. Sept. 20, 2016); *Rawls v. Comm'r, Soc. Sec. Admin.*, No. JFM-15-1609, 2016 WL 3087450, at *2 (D. Md. June 2, 2016). Indeed, a contrary conclusion would undercut the requirement that "ALJ's discuss a specific listing only when the claimant marshals 'ample evidence' that an impairment actually meets the criteria for that listing." *Fletcher v. Colvin*, No. 1:15-CV-166, 2016 WL 915196, at *10 (M.D.N.C. Mar. 4, 2016) (quoting *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). If Plaintiff's argument were correct, the ALJ's reference to section 4.00 of the Listings would require a detailed analysis of eleven Listing subsections, including categories such as heart transplant which are patently inapplicable to his claim. Moreover, the Fourth Circuit's decision in *Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656 (4th Cir. 2017) further undermines Plaintiff's argument. There, the Court remanded the claim because the ALJ failed to follow the special technique required when evaluating the claimant's mental impairments. *Id.* Notably, the Court found that "the ALJ's lack of explanation require[d] remand," and that the ALJ's failure to "[s]how [his] work . . . rendered his decision unreviewable." *Id.* at 663. Applied here, *Patterson* counsels against finding that any mention of a category of listings triggers an ALJ's duty to evaluate each individual listing within that category, because such a rule would disincentivize ALJs to "show their work" by indicating which categories they reviewed. The Fourth Circuit has been clear that ALJs should provide more explanation of their analysis, not less.

A review of the ALJ's analysis in this case demonstrates that the only listing he identified is 404.10 (Aneurysm of aorta or major branches). Tr. 14. The ALJ specifically applied the criteria for that listing to the medical evidence of record, as required. *Id.* To the extent that Plaintiff asserts that Listing 4.04 should have been identified, Plaintiff did not make the necessary showing of "ample evidence" to suggest that each of its criteria could be met. The only mention of "ischemic heart disease" in the record is an unexplained diagnosis listed by a non-examining State agency physician. Tr. 195, 203. The diagnosis is not corroborated by any treating physician or other medical record, and the other non-examining State agency physician, at the reconsideration level, did not identify ischemic heart disease as a medically determinable impairment. Tr. 215, 226. Accordingly, there is not ample evidence in the record to require evaluation of that listing, and the ALJ's listing analysis is supported by substantial evidence.

Plaintiff's second argument, however, is more persuasive. Plaintiff argues that the ALJ failed to follow the procedures outlined in 20 C.F.R. § 404.1520a for evaluation of mental impairments. ECF 19 at 18-23. I agree. In the first step of the analysis, the ALJ evaluates the claimant's relevant symptoms, signs, and laboratory findings to assess whether the claimant exhibits a medically determinable mental impairment. 20 C.F.R. § 404.1520a(b)(1). There is no

evidence of such an evaluation in this case, despite colorable allegations of mental health symptoms in the record. *See, e.g.*, Tr. 390 (Plaintiff's assertions of "constant memory loss" and feeling "very depressed all the time"); Tr. 674 (medical record reflecting "history of depression"); Tr. 848 (same). In fact, the record reflects consistent prescription of Citalopram, a mental health medication. Tr. 251, 825, 836.

The Commissioner quite correctly notes that, at the hearing, Plaintiff's attorney conceded that Plaintiff's mental health condition was not severe. Tr. 183. However, severity is not the end of the analysis. The ALJ should have conducted the evaluation required by 20 C.F.R. § 404.1520a, and continued to apply the special technique if a medically determinable impairment was found. Even if the mental impairment were deemed non-severe, because Plaintiff made the threshold showing that other impairments were severe, the ALJ should have continued with the sequential evaluation process and properly considered all impairments, both severe and non-severe, that significantly impacted Plaintiff's ability to work. *See* 20 C.F.R. §§ 404.1523, 416.923. In fact, Plaintiff's counsel clearly suggested that Plaintiff's limitations resulted from a "combination of all of these problems," and not from a single severe impairment. Tr. 183-84. Ultimately, without any discussion from the ALJ to acknowledge the evidence of a mental impairment in the record, this Court cannot review the application of 20 C.F.R. § 404.1520a. In addition, particularly in light of the subsequent evidence from Plaintiff's longtime treating physician regarding his mental condition, *see e.g.*, Tr. 110-11, this Court cannot find that the failure to address Plaintiff's mental health evidence was harmless.

Finally, because the case is being remanded on other grounds, I need not address Plaintiff's arguments regarding the evaluation of the medical opinion evidence from his treating physician, Dr. Gonzalez. On remand, the ALJ can consider those arguments and determine whether the medical opinions should be weighed any differently, including the more recent medical information from Dr. Gonzalez submitted to the Appeals Council. Tr. 158-62.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 19, is DENIED and Defendant's Motion for Summary Judgment, ECF 20, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                                 Sincerely yours,

                                                      /s/
                                               Stephanie A. Gallagher
                                             United States District Judge